### MEISTER et al. v. UNITED STATES.

#### Civ. No. 25192.

United States District Court
N. D. Ohio, E. D.
June 5, 1952.

George A. Hurley, Joseph Kreinberg, Cleveland, Ohio, for plaintiff.

Don C. Miller, Dist. Atty., Cleveland Ohio, Holmes Baldridge, Asst. Atty. Gen., John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, and Herman Wolkinson, Washington, D. C., Atty. Department of Justice, for the defendant.

JONES, Chief Judge.

Plaintiffs seek to recover $32,000, plus, on a claim filed with the Director of Bureau of Federal Supply, Treasury Department, on February 1, 1947, and by that agency disallowed on July 8, 1947. Their claim is based upon alleged loss on three contracts awarded to them and under which they manufactured and delivered many thousands of skirts for U.N.R.A. in 1944 and 1945.

Recovery is sought under favor of the so-called Lucas Act, Public Law 657, 79th Congress, Act Aug. 7, 1946, 60 Stat. 902, 41 U.S.C.A. § 106 note, and the Executive Order and Regulations thereunder, Oct. 5, 1946, No. 9786, 3 CFR 1946 Supp. p. 165, giving to war contractors an equitable remedy for loss sustained through no fault of their own.

Suit was begun here in September, 1947, after disallowance of the claim by the Treasury agency.

It developed on trial that the proper and responsible Government agency first learned sometime in February, 1952, of some twenty other contracts awarded and performed by the plaintiffs, but which were not disclosed in their claim filed with the

Treasury Procurement Division, covering loss on the three contracts, the subject of the present suit.

At the conclusion of plaintiffs' case the Government moved to dismiss the complaint of the plaintiffs on two or three grounds.

I have read the so-called Lucas Act and the Executive Order and Regulations thereunder.

The following is my reaction to the motion made by the Government at the conclusion of the plaintiffs' case.

My action is based upon the failure of the plaintiffs to comply with the requirements of the Act and Executive Order. Failure to include in the claim filed by the plaintiffs, the other contracts had by them from the Government, it seems to me, is something more serious than the plaintiffs assert. The fact that the plaintiffs may have sustained losses on other contracts not included or disclosed in their claim is not, in my judgment, merely an evidentiary matter, as claimed by the plaintiffs, to be brought forward as justification for their failure to include or disclose the other contracts in their claim as filed.

Unless the requirements of the Act and Executive Order were faithfully complied with, it is quite conceivable that fraud easily could be perpetrated upon the Government. The Government was entitled to all the facts of all contracts, regardless of whether the actual total loss on all contracts would have exceeded the amount claimed.

Since the provisions for recovery of loss under the Act and Executive Order did not constitute a general statutory right,—but was based upon equitable considerations, the obligation of the plaintiffs was to disclose and include in their claim for equitable restitution, all contracts as required, and failure to do so, in my judgment, is fatal to recovery.

It is no answer to say that this court now should overlook such a clear breach of obligation or failure to comply and disclose, by exercising equitable and liberal principles to the advantage of the plaintiffs, whose own neglect produced their predicament,— and is not in accordance with my notion of equitable consideration.

The answer of plaintiffs in the communication of January 31, 1947, responding to the so-called questionnaire, Section 202 (c) and (d) of the Executive Order and Regulations, plus the request to the General Accounting Office and its negative response respecting the existence of other contracts, provided adequate reason for the Treasury Department to file and to pass on the claim.

The plaintiffs were required to provide, and the Government was entitled to have, the knowledge of the other, or all, contracts. In passing on the claim, the Treasury Department had the right to assume, in view of plaintiffs' response, and that of the General Accounting Office, that all contracts were included in the claim, and it does not seem to be consistent with equitable treatment or liberality of consideration to have produced for the first time such information when a suit brought upon disallowance of the claim is imminent for trial, and after the Government had developed the fact of the existence of other contracts.

The Statute and Executive Order clearly required inclusion of all contracts in the claim filed and therefore it must be concluded upon that premise that a proper and valid claim was not filed within the statutory period.

Viewing this case as an equitable matter, in which the remedy sought must be based upon equitable considerations, the plaintiffs' failure to comply with the plain provisions of the Statute and Executive Order and Regulations moves the court to deny recovery and sustain the Government's motion on that basis. No opinion is thought necessary in respect of other parts of the Government's motion.

### Findings of Fact

1. This suit was brought by these plaintiffs, as a partnership, by the filing of a complaint on September 26, 1947, under the War Hardship Claims Act, properly known as the Lucas Act, Act of August 7, 1946, C. 864, §§ 1 to 6, 60 Stat. 902, as amended June 25, 1948, C. 646, § 37, 62 Stat. 992, 41 U.S. C.A. § 106 note.

2. Plaintiffs sought to recover alleged losses arising from the manufacture of skirts, under three contracts which were

executed between the plaintiffs and the Treasury Department of the United States on April 20, 1944, May 10, 1944 and June 29, 1944, respectively.

3. Plaintiffs' complaint alleged that they had first filed a claim for relief with the Treasury Department on March 21, 1945 which, when disallowed, plaintiffs sought relief under the Lucas Act by filing on February 1, 1947, under the terms of that Act and of Executive Order 9786, a claim for the recovery of the losses sustained by them in the performance of the aforementioned skirt contracts.

4. The amount that plaintiffs sought to recover was $32,090.75, to which plaintiffs claimed they were equitably entitled under the terms of the Act and the Executive Order.

5. In filing their claim on February 1, 1947, plaintiffs purported to comply with the requirements of Section 2 of the Act, and Sections 201 and 202 of Executive Order 9786, by furnishing to the Treasury Department the information required by those sections.

6. Sections 2(a) and 2(b) of the Act, and Section 202(c) of the Executive Order, required plaintiffs to furnish the Treasury Department with a statement of the net losses which they had sustained on all contracts and subcontracts with the war agencies between September 16, 1940 and August 14, 1945.

7. The plaintiffs failed to furnish a statement of their losses on all war contracts to the Treasury Department, but instead limited their claim of February 1, 1947, to losses which they allegedly sustained on the three skirt contracts only.

8. In response to the request for information as to their other contracts and subcontracts, as required by Section 202(c) of the Executive Order, plaintiffs answered "None", in their statement dated January 31, 1947, and filed February 1, 1947.

9. In response to the request for information of the net losses on all their contracts and subcontracts, as required by Section 202(d) of the Executive Order, plaintiffs wrote in their statement of January 31, 1947, and filed on February 1, 1947, that their net losses on all contracts was the same as the $32,090.75 loss which they claimed for the skirt contracts.

10. Plaintiffs' claim of February 1, 1947 was supported by a statement dated January 30, 1946, signed by Benjamin R. Goldman, Certified Public Accountant, who stated that he had made a detailed audit of the books and records of the plaintiffs, including the income and expenses for the years ending December 31, 1944 and December 31, 1945; and was further supported by the affidavit of Edward Meister and Eugene Meister, two of the partners of plaintiffs, who stated that the information and data set forth in the claim filed on February 1, 1947, had been carefully verified, and had been prepared in accordance with the requirements of the Act and the Regulations, and in all respects were true and correct to the best of their knowledge and beliefs.

11. This case was scheduled to go to trial in March, 1952. In February, 1952, the Government came upon the information that plaintiffs had been awarded twenty other war contracts, under which they had performed services for the Government during the statutory period.

12. The Government sought to ascertain the profits and losses, if any, on those twenty contracts in February and March, 1952. Plaintiffs, for the first time since they filed their claim, (Plaintiffs' Exhibit I), filed in the office of the United States Attorney, in March, 1952, a document purporting to state the profits and losses on those twenty contracts.

13. At the trial, the testimony of plaintiffs showed that no claim for losses had ever been made or filed with any agency of the Government by plaintiffs in connection with the aforementioned twenty contracts, although these contracts aggregated approximately one and one-half million dollars.

### Conclusions of Law

1. Plaintiffs failed to furnish to the Treasury Department, on or before February 7, 1947, all the data and evidence within their possession relating to the net profits or net losses made by plaintiffs on all contracts and subcontracts held by them under

which work supplies or services were furnished by plaintiffs for the Government between September 16, 1940 and August 14, 1945, as required by Act of August 7, 1946, § 2, 41 U.S.C.A. § 106 note, and paragraphs 201 and 202(d) of Executive Order 9786, 11 F.R. 11555.

2. Under the Act, Section 3 and the Order, Section 201, no claim may be received or considered by any war agency unless properly filed in accordance with the Act and the Regulations on or before February 7, 1947.

. 3. This court may not award any amount in excess of what might have been allowed by the agency concerned. Sec. 6 of the Act.

4. Since the evidence at the trial established that plaintiffs had other war contracts during the statutory period concerning which they failed to make full and timely disclosure to the Treasury Department, as required by Sections 2(a) and (b) of the Act and 201 and 202 of the Order, it follows that plaintiffs failed to file a proper and valid claim within the statutory period.

5. Plaintiffs have failed to demonstrate that they are equitably entitled to any relief, for Section 6 of the Act requires this court to sit as a court of equity, and to determine the amount equitably due a petitioner. Failure by plaintiffs to fully and timely reveal to the Treasury Department, in February, 1947, all of their profits and losses on all of their war contracts, is a bar to the equitable relief contemplated by the Act.